996 F.2d 319
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Merle L. PEARS, Petitioner,
v.
DEPARTMENT OF COMMERCE, Respondent.
 No. 92-3300.
 United States Court of Appeals, Federal Circuit.
 April 19, 1993.
 
 Before RICH, ARCHER, Circuit Judges, and CURTIN, District Judge*
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Merle L. Pears petitions for review of the final decision of the Merit Systems Protection Board (Board), dated February 10, 1992, affirming the September 19, 1991 initial decision of the Administrative Judge (AJ), Docket No. PH0752910581-I-1, removing Mr. Pears from his position as a Project Manager in the U.S. Patent and Trademark Office (PTO) in Boyers, Pennsylvania. We affirm.
 
 DISCUSSION
 
 2
 Mr. Pears challenges the Board decision on the ground that his removal was "obtained without procedures required by law, rule or regulation having been followed" pursuant to 5 USC § 7703(c)(2). According to Mr. Pears, the procedural errors in question constitute harmful error and thus require that the Agency's decision to remove him be overturned.[1]
 
 
 3
 Harmful error is defined by 5 CFR § 1201.56(c)(3) as
 
 
 4
 Error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. The burden is upon the appellant to show that the error was harmful, i.e., that it caused substantial harm or prejudice to his or her rights.
 
 
 5
 Mr. Pears' allegations of harmful error are twofold: (1) that prejudicial ex parte communications were made to the original deciding official, Thomas Giammo, as well as to a second deciding official, Jeffrey M. Samuels; and (2) that the agency unlawfully replaced the original deciding official with a second deciding official. Specifically, Mr. Pears claims that he "irretrievably lost his valuable opportunity, explicitly given him by the regulations, to have Mr. Giammo, the first deciding official, decide finally in his favor, untrammeled by improper ex parte approaches." Mr. Pears asserts that, as a result of such alleged violations of his rights, he is entitled to reinstatement.
 
 
 6
 The AJ held that Mr. Pears did not meet his burden of proving that harmful error occurred, or that if such error did occur, that it had a prejudicial effect upon the outcome, i.e., because absent such error, the agency would have reached the same decision. We agree.
 
 
 7
 The final agency decision made by Mr. Samuels, then an Assistant Commissioner with the PTO, sustained Mr. Pears' removal for making inappropriate or intimidating remarks made to subordinates, and hindering or failing to cooperate with investigations. The AJ upheld four of the ten charges sustained by Mr. Samuels. Finding it significant that the PTO had stated that there was one charge which, "standing alone, is of sufficient gravity to justify the appellant's removal," the AJ noted that "the original deciding official, Thomas Giammo, testified that his preliminary decision to remove the appellant was based largely on this charge." We find it significant that not only was Mr. Giammo prepared to remove Mr. Pears from his position at the PTO, as did Mr. Samuels, but both deciding officials relied upon the same grounds for making their decisions. Thus, even if we assume, for the sake of argument, that the agency action of replacing the first deciding official with the second was in error, it is clear, as the AJ notes, that "the record demonstrates that [Mr. Pears] was not harmed by it."
 
 
 8
 Moreover, in response to Mr. Pears' allegation that "the act of replacing the original deciding official, Thomas Giammo, with a second deciding official, Jeffrey Samuels, ... was ... a violation of applicable federal regulations," we agree with the AJ's determination that switching deciding officials was not in error "since [Mr. Pears] has not identified any rule or regulation which precludes an agency from doing so."
 
 
 9
 With reference to Mr. Pears' allegations of unlawful ex parte communications, the AJ made no specific findings. However, the AJ's extensive findings with regard to each of the sustained charges support the PTO's removal action; and, his report stated that Mr. Pears "has not demonstrated that the alleged error would have changed the agency decision."
 
 
 10
 This court reviews the decisions of the Board under a very narrow standard and will reverse only where it is clear that such decisions are: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 USC § 7703(c) (1988). Based on the above, we find no such grounds for reversal present, and we therefore affirm.
 
 
 
 *
 Honorable John T. Curtin, Senior District Judge, Western District of New York, sitting by designation
 
 
 [1]
 5 USC § 7701(c)(2)(A) provides that an agency's decision cannot be sustained by the MSPB if the employee
 (A) shows harmful error in the application of the agency's procedures in arriving at such decision.